

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x   GT-9127

JENNIFER YANNI,

Plaintiff,

against -

STARBUCKS CORPORATION, Individually and
d/b/a STARBUCKS COFFEE COMPANY,

Defendant(s).
------------------------------------------------------------------x



**NOTICE OF REMOVAL**

SIRS:

PLEASE TAKE NOTICE that defendant STARBUCKS CORPORATION d/b/a

STARBUCKS COFFEE COMPANY (hereinafter "STARBUCKS"),  pursuant to 28 U.S.C.

§1441 and based upon this Court's diversity jurisdiction under 28 U.S.C. §1332, removes this

action from the Supreme Court of the State of New York, County of New York, to the United

States District Court for the Southern District of New York.  The grounds for such removal are

as follows:

1.     Plaintiff JENNIFER YANNI commenced an action on or about February 26, 2007

by filing a Summons and Verified Complaint in the Supreme Court of the State of New York,

County of New York. The Summons and Verified Complaint subsequently were served on the

New York Secretary of State on March 21, 2007.  A copy of the Summons and Verified

Complaint is attached hereto as Exhibit "A".  On May 8, 2007, defendant STARBUCKS served

its Verified Answer to the Verified Complaint.  A copy of the Verified Answer is attached hereto

as Exhibit "B".  On May 8, 2007, defendant STARBUCKS also served, pursuant to CPLR §

3017(c), a Request for Supplemental Demand for Relief.  A copy of the Request for

2849820.1

Supplemental Demand for Relief is attached hereto as Exhibit "C". On May 24, 2007, plaintiff served her Response to Defendant's Combined Discovery Demands, which demands a monetary judgment in the amount of $5,000,000.00, which was received by defendant STARBUCKS on May 25, 2007. A copy of plaintiff's May 24, 2007 letter and enclosed Response to Defendant's Combined Demands is attached hereto as Exhibit "D". On May 24, 2007, plaintiff also served a Request for Judicial Intervention seeking a preliminary conference in this matter. A copy of plaintiff's Request for Judicial Intervention is attached hereto was Exhibit "E" On June 19, 2007, a preliminary conference was held in this case. A copy of the Preliminary Conference Order is attached hereto was Exhibit "F".

2.    Upon information and belief, these are the only pleadings in the action filed in New York County Supreme Court.

3.    Plaintiff is a citizen and resident of the State of New York and resides in Westchester, New York. See the Summons and Verified Complaint at ¶ FIRST attached hereto as Exhibit "A".

4.    Defendant STARBUCKS is a foreign corporation organized and existing under the laws of the State of Washington and has its principal place of business in Seattle, Washington.

5.    The amount in controversy, as alleged in Plaintiffs' Response to Defendant's Combined Discovery Demands served on May 24, 2007, exceeds $75,000, exclusive of interest and costs. See Plaintiffs' Response to Defendant's Combined Discovery Demands, attached hereto as Exhibit "D".

6.    This removal is timely pursuant to 28 U.S.C. § 1446(b).

7.    Jurisdiction exists in this Court by reason of diversity of citizenship, 28 U.S.C. §

1332.

8.    Venue in this Court is proper pursuant to 28 U.S.C. §1391 (a)(1) and (c).

Dated: New York, New York
       June 21, 2007

Respectfully yours,

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP

By:    _____
       George N. Tompkins, III (GT-9127)
       150 East 42nd Street
       New York, New York 10017
       (212) 490-3000, Ext. 2562
       Attorneys for Defendant
       STARBUCKS CORPORATION d/b/a
       STARBUCKS COFFEE COMPANY

To:    Steven R. Harris, Esq.
       STEVEN R. HARRIS & ASSOCIATES
       110 East 59th Street
       New York, New York 10022
       (212) 593-7600
       Attorneys for Plaintiff
       JENNIFER YANNI

**EXHIBIT A**

State of New York - Department of State
Division of Corporations

Party Served:
STARBUCKS CORPORATION

Plaintiff/Petitioner:
YANNI, JENNIFER

UNITED STATES CORPORATION COMPANY
80 STATE ST
ALBANY, NY 12207

Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of
State on 03/21/2007 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW.
This copy is being transmitted pursuant to such statute to the address
provided for such purpose.

Very truly yours,
Division of Corporations

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X

JENNIFER YANNI,

               Plaintiff,

       -against-

STARBUCKS CORPORATION, Individually and
d/b/a STARBUCKS COFFEE COMPANY.

           Defendants.
-----------------------------------------------------------------X

<u>SUMMONS AND</u>
<u>VERIFIED COMPLAINT</u>

Index No.: 102631/07

CERTIFICATION PURSUANT TO SECTION 130-1.1a
OF THE RULES OF THE CHIEF ADMINISTRATOR (22NYCRR)

The undersigned certifies the following document pursuant to 22NYCRR Section 130-1.1a:

Summons and Verified Complaint

Dated:      New York, New York
            February 16, 2007

                         Yours, etc.,

                         Steven R. Harris, Esq.
                         STEVEN R. HARRIS & ASSOCIATES
                         Attorneys for Plaintiff
                         JENNIFER YANNI
                         110 East 59th Street, 32nd Floor
                         New York, New York 10022
                         (212) 593-7600

TO:    STARBUCKS CORPORATION, Individually
       and d/b/a STARBUCKS COFFEE COMPANY
       80 State Street
       Albany, New York 12207

STEVEN R. HARRIS & ASSOCIATES
110 EAST 59TH STREET
NEW YORK, NEW YORK 10022
(212) 593-7600

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No.:  102631/07
Date Purchased:  2/26/07

-----------------------------------------------------------------X

JENNIFER YANNI,

                              Plaintiff,

              -against-

STARBUCKS CORPORATION, Individually and
d/b/a STARBUCKS COFFEE COMPANY.

                              Defendants.

-----------------------------------------------------------------X

## SUMMONS

Plaintiff designates New York
County as the place of trial.

The basis of venue is:
Defendant's Place of business

Plaintiff resides at:
78 Glen Road
Yonkers, NY 10704
County of Westchester

**To the above named Defendants:**

      **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:      New York, New York
              February 15, 2007

                                   Steven R. Harris, Esq.
                                   STEVEN R. HARRIS & ASSOCIATES
                                   Attorneys for Plaintiff
                                   JENNIFER YANNI
                                   110 East 59th Street, Suite 3200
                                   New York, New York 10022
                                   (212) 593-7600

TO:     STARBUCKS CORPORATION, Individually
          and d/b/a STARBUCKS COFFEE COMPANY
          80 State Street
          Albany, New York 12207

STEVEN R. HARRIS & ASSOCIATES
110 EAST 59TH STREET
NEW YORK, NEW YORK 10022
(212) 593-7600

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X
JENNIFER YANNI,

                                        Plaintiff,

            -against-                                          VERIFIED COMPLAINT

STARBUCKS CORPORATION, Individually and
d/b/a STARBUCKS COFFEE COMPANY,

                                        Defendants.
      ------------------------------------------------------------X

            Plaintiff, JENNIFER YANNI, by her attorneys, STEVEN R. HARRIS &

ASSOCIATES, as and for a Verified Complaint against the defendants, STARBUCKS

CORPORATION, Individually and d/b/a STARBUCKS COFFEE COMPANY, (hereinafter

referred to as "STARBUCKS"), herein alleges as follows:

            FIRST: That at all relevant times mentioned herein the plaintiff, JENNIFER

YANNI, resided at 78 Glen Road, Yonkers, County of Westchester, State of New York.

            SECOND· That at all relevant times mentioned herein and upon information and

belief the defendant, "STARBUCKS", was and still is a domestic business corporation, duly

organized and existing under and by virtue of the laws of the State of New York, and maintains

its principal place of business at 2401 Utah Avenue South, Seattle, State of Washington.

            THIRD: That at all relevant times mentioned herein and upon information and

belief, the defendant, "STARBUCKS", was and still is a foreign business corporation, duly

organized and existing under and by virtue of the laws of the State of New York, and maintains

its principal place of business at 2401 Utah Avenue South, Seattle, State of Washington.

STEVEN R. HARRIS & ASSOCIATES
110 EAST 59TH STREET
NEW YORK, NEW YORK 10022
(212) 593-7600

FOURTH: That at all relevant times mentioned herein and upon information and belief, STARBUCKS CORPORATION was doing business as STARBUCKS COFFEE COMPANY.

FIFTH: That at all relevant times mentioned herein and upon information and belief, the defendant, "STARBUCKS", owned a certain premises known as 1500 Broadway, County of New York, State of New York, (hereinafter referred to as "The Premises".

SIXTH: That at all relevant times mentioned herein and upon information and belief, the defendant, "STARBUCKS", operated "The Premises".

SEVENTH: That at all relevant times mentioned herein and upon information and belief, the defendant, "STARBUCKS", maintained "The Premises".

EIGHTH: That at all relevant times mentioned herein and upon information and belief, the defendant, "STARBUCKS", managed "The Premises".

NINTH: That at all relevant times mentioned herein and upon information and belief, the defendant, "STARBUCKS", leased "The Premises".

TENTH: That at all relevant times mentioned herein and upon information and belief, the defendant, "STARBUCKS" controlled "The Premises".

ELEVENTH: That at all relevant times mentioned herein and upon information and belief the defendant, "STARBUCKS", engaged in the sale of coffee and/or coffee products to the general public at "The Premises".

STEVEN R. HARRIS & ASSOCIATES
110 EAST 59TH STREET
NEW YORK, NEW YORK 10022
(212) 593-7600

**TWELFTH:** That at all relevant times mentioned herein and upon information and belief the defendant, "STARBUCKS", prepared the coffee and/or coffee products at "The Premises".

**THIRTEENTH:** That at all relevant times mentioned herein and upon information and belief the defendant, "STARBUCKS", served the coffee and/or coffee products at "The Premises".

**FOURTEENTH:** That at all relevant times mentioned herein it was the duty of the defendant, "STARBUCKS", its agents, servants and/or employees at all times to own, operate, manage, lease, supervise, monitor, and/or control "The Premises", in a safe and secure condition, to keep "The Premises" in a proper and reasonable state of operation, management, supervision, monitoring, control, and/or maintenance; to properly and adequately inspect, manage, monitor, supervise and/or control the sale, preparation, service and/or presentation of the coffee and/or coffee products at "The Premises"; to perform the operation, management, supervision, control, inspection, sale, preparation, service and/or presentation of the coffee and/or coffee products at "The Premises" in a careful and prudent manner; and/or to hire and retain skilled and competent personnel to perform said operation, management, supervision, control, inspection, sale, preparation, service and/or presentation of the coffee and/or coffee products at "The Premises".

**FIFTEENTH:** That the defendant, "STARBUCKS", its agents, servants and/or employees, undertook and agreed to own, operate, manage, lease, supervise, monitor, control, construct, maintain, inspect and/or repair "The Premises" and the coffee service therein, in good condition, reasonably safe and secure, free from hazardous and dangerous conditions.

**SIXTEENTH:** That the defendant, "STARBUCKS", its agents, servants or employees, disregarded their duty to properly own, operate, manage, lease, supervise, monitor, control, and/or maintain "The Premises" and the coffee service therein, and carelessly, recklessly and negligently permitted "The Premises" and the coffee and coffee service therein to remain in an unsafe, defective, hazardous and/or dangerous condition; carelessly, recklessly and negligently failed to operate, manage, monitor, supervise, inspect and/or maintain the aforementioned premises; failed to keep the aforementioned premises free from hazardous and dangerous conditions; failed to properly and/or adequately train their its agents, servants and/or employees.

**SEVENTEENTH:** That the carelessness, recklessness and negligence of the defendant, "STARBUCKS", its agents, servants and/or employees consisted of, among other things, carelessly, recklessly and negligently operating, managing, leasing, maintaining, inspecting, supervising and/or controlling the aforementioned premises; in causing, allowing and permitting dangerous and defective conditions to exist on the aforesaid "Premises"; in failing to rectify the aforesaid dangerous and defective conditions; in failing to give the general public and more particularly the plaintiff herein, any warning or notice of the dangerous and defective conditions existing on the aforesaid "Premises"; in failing to erect warning signs to warn the general public and more particularly the plaintiff herein, of the dangerous and defective conditions then and there existing on the aforesaid "Premises"; in failing to make proper and adequate inspections of the "Premises"; in otherwise being careless, reckless and negligent in the ownership, operation, maintenance, repair, supervision, inspection and/or control of the aforesaid "Premises"; in failing to use proper skill in preparing, serving, handling, cooking, delivering, holding, inspecting and/or packaging the coffee and/or coffee products in its container; in failing to properly serve coffee; in failing to have any protection outside of coffee and/or coffee beverage container to guard against hot liquids; in failing to provide for basic, common, safety

STEVEN R. HARRIS & ASSOCIATES
110 EAST 59th STREET
NEW YORK, NEW YORK 10022
(212) 593-7600

and health principles in preparing, serving, storing, handling, cooking, delivering, holding, inspecting and packaging the coffee and/or coffee products; in failing to train employees on how to serve coffee and/or coffee beverages; in failing to properly serve and/or transfer hot coffee and/or coffee beverage to the plaintiff; in labeling the coffee and/or coffee products in a defective and improper manner; in failing to properly inspect and test the aforesaid product before allowing same to be distributed and used by the general public; in failing to give proper and timely notice to foreseeable customers of the defective, unsafe and tainted product, and improperly not providing for warnings; in failing to provide a safe product, and causing, creating and allowing a defective, improper and poorly labeled product and permitting it to remain and exist; in failing to provide proper safeguards and warnings to prevent injury to the uses and others of the product; in failing to warn the plaintiff and others of the dangerous, improper labeled and defective product, and in negligently designing labels, and warnings and serving same for its use and/or consumption to the general public and in otherwise being careless, reckless and negligent.

**EIGHTEENTH:** That on or about the 13th day of November, 2006, while the plaintiff, **JENNIFER YANNI**, was lawfully a visitor and/or customer at **"The Premises"**, she was caused to be injured due to the unsafe and improper sale, preparation and/or service of coffee and/or coffee product including but not limited to a coffee cup at **"The Premises"**, thus sustaining the serious and severe permanent personal injuries hereinafter alleged.

**NINETEENTH:** That on or about the 13th day of November, 2006, the defendant, **"STARBUCKS"**, sold and/or served a coffee and/or coffee beverage to the plaintiff, **JENNIFER YANNI** at **"The Premises."**

STEVEN R. HARRIS & ASSOCIATES
110 EAST 59th STREET
NEW YORK, NEW YORK 10022
(212) 593-7600

**TWENTIETH:** That on or about the 13th day of November, 2006, the defendant, "STARBUCKS", its agents, servants and/or employees, negligently prepared, served, handled, cooked, delivered, held, inspected and/or packaged the coffee and/or coffee products in its container at "The Premises", thus causing and creating an unsafe, defective, hazardous and/or dangerous condition.

**TWENTY-FIRST:** That the aforementioned occurrence and the results thereof were caused by the negligence of the defendant, "STARBUCKS", its agents, servants and/or employees, in the operation, management, maintenance and/or control of "The Premises" in causing, allowing and permitting the preparation, delivery, service and/or use of the dangerous product to the plaintiff, JENNIFER YANNI .

**TWENTY-SECOND:** That at all relevant times mentioned herein and upon information and belief, the aforesaid occurrence and the injuries resulting therefrom, were caused wholly and solely by reason of the carelessness, recklessness and negligence of the defendant, "STARBUCKS", its agents, servants and/or employees, and without any negligence or culpable conduct on the part of the plaintiff contributing thereto.

**TWENTY-THIRD:** That solely by reason of the foregoing, the plaintiff, JENNIFER YANNI , became and was rendered sick, sore, lame and disabled along with severe emotional and psychological injuries; received severe, serious and permanent injuries to her hand,  arm, body and limbs; experienced great pain and suffering and continues to suffer from said injuries; and the plaintiff has been informed and believes said injuries to be of a permanent nature; and said plaintiff was, is and will be incapacitated for a long period of time and the plaintiff was compelled to and did seek medical aid, attention and treatment and will in the future require further medical aid, attention and treatment; and the plaintiff was obliged to and

STEVEN R. HARRIS & ASSOCIATES
110 EAST 59th STREET
NEW YORK, NEW YORK 10022
(212) 593-7600

did expend large sums of money for medical attention and will in the future be required to expend additional sums of money for the treatment of said injuries; the plaintiff was and will continue to be incapacitated from her usual duties, functions and general activities and chores; and otherwise did sustain a loss of diverse sums of money.

TWENTY-FOURTH:   That the plaintiff's damages sustained herein exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, the plaintiff, JENNIFER YANNI, demands judgment against the defendants, STARBUCKS CORPORATION, Individually and d/b/a STARBUCKS COFFEE COMPANY, together with the court costs, disbursements and attorney fees, (along with interest thereon from the 13th day of November 2006), of this action for an amount to be determined by the Court and/or a jury.

Dated:      New York, New York
            February 16, 2007

                                    Steven R. Harris, Esq.
                                    STEVEN R. HARRIS & ASSOCIATES
                                    Attorneys for Plaintiff
                                    JENNIFER YANNI
                                    110 East 59th Street
                                    New York, New York 10022
                                    (212) 593-7600

TO:         STARBUCKS CORPORATION, Individually
            and d/b/a STARBUCKS COFFEE COMPANY
            80 State Street
            Albany, New York 12207

S:\SagaPM\DOC'S\TMR\C\70879273.wpd

STATE OF NEW YORK   )

COUNTY OF NEW YORK  ) ss.:

I, the undersigned, an attorney admitted to practice in the court of New York State, state that I am STEVEN R. HARRIS, ESQ., the attorney of record for the plaintiff, JENNIFER YANNI, in the within action; I have read the foregoing VERIFIED COMPLAINT and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.  The reason this verification is made by me and not by said plaintiff is because the plaintiff resides in a county other than where your affiant maintains his office.

The grounds of my belief are as follows:  Conversations with the plaintiff, investigations made by me and documentation contained in my files.

Dated: New York, New York
February 16, 2007

STEVEN R. HARRIS, ESQ.

STEVEN R. HARRIS & ASSOCIATES
110 EAST 59TH STREET
NEW YORK, NEW YORK 10022
(212) 593-7600

02 1A
0004374734
MAILED FROM ZIP

CERTIFIED MAIL

PS Form 3800, 6/02

USA/CERTIFIED

7111 5495 5553 1529 7934

RETURN RECEIPT REQUESTED

Article Addressed To:

STARBUCKS CORPORATION
UNITED STATES CORPORATION COMPANY
80 STATE ST
ALBANY, NY 12207

Sender:

New York State Department of State
41 State Street
Albany, NY 12231

Receipt.# 200703220145

COMPLETE THIS SECTION ON DELIVERY

A. Signature: ( ☐ Addressee or ☐ Agent)
X

B. Received By:  (Please Print Clearly)

C. Date of Delivery

D. Addressee's Address (If Different From Address Used by Sender)

Secondary Address / Suite / Apt. / Floor   (Please Print Clearly)

Delivery Address

City                          State        ZIP + 4 Code

UNITED STATES CORPORATION COMPANY
80 STATE ST
ALBANY, NY 12207

DEPARTMENT OF STATE
UNIFORM COMMERCIAL CODE
41 STATE STREET
ALBANY, NY 12231-0001

DOS-1248 (11/98)

**EXHIBIT B**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------------x

JENNIFER YANNI,                                          :

                              Plaintiff,                 :          Index No.: 102631/07

                 - against -                             :          **VERIFIED ANSWER
                                                                    TO VERIFIED COMPLAINT**
STARBUCKS CORPORATION, Individually and                 :
d/b/a STARBUCKS COFFEE COMPANY,

                                                         :

                              Defendants.                :
----------------------------------------------------- -------x

        Defendant STARBUCKS CORPORATION d/b/a STARBUCKS COFFEE COMPANY

(hereinafter "STARBUCKS"), by and through its attorneys, Wilson Elser Moskowitz Edelman &

Dicker LLP, for its Verified Answer to the Verified Complaint, alleges upon information and

belief as follows:

        1.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraphs FIRST, TWELFTH, THIRTEENTH and NINETEENTH of the

Verified Complaint.

        2.      Denies the allegations in Paragraphs SECOND, THIRD, FOURTH, FIFTH,

SIXTH, SEVENTH, EIGHTH, NINTH, TENTH and ELEVENTH of the Verified Complaint,

except admits that STARBUCKS is a foreign corporation existing under the laws of the State of

Washington, that it is authorized to and does conduct business in the State of New York and that

it operates a retail store at the address identified in Paragraph FIFTH of the Verified Complaint.

2790032.1

3.    Denies the allegations in Paragraphs FOURTEENTH, FIFTEENTH, SIXTEENTH, SEVENTEENTH, EIGHTEENTH, TWENTIETH, TWENTY-FIRST, TWENTY-SECOND, TWENTY-THIRD and TWENTY-FOURTH of the Verified Complaint.

## FIRST DEFENSE

4.    The Verified Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

5.    Whatever injury or damage may have been sustained by plaintiff was caused or contributed to by plaintiff's own negligence or culpable conduct and defendant STARBUCKS is, therefore, not liable to plaintiff or, in the alternative, that its liability to plaintiff is partial only and should be reduced in accordance with applicable law.

## THIRD DEFENSE

6.    Defendant STARBUCKS specifically denies that any negligence on its part contributed to or was a proximate cause of any injuries or damages sustained by the plaintiff, but, in the event it is found that defendant STARBUCKS is negligent in any manner or to any degree, defendant STARBUCKS alleges upon information and belief that other parties hereto and persons or entities not named in this action may be negligent to a certain degree for the injuries or damages sustained by plaintiff and therefore contend that, in the event there is found to be fault on the part of defendant STARBUCKS, which in any manner or degree contributed to the injuries of plaintiff, a finding should be made apportioning and fixing the comparative fault of any or all parties or persons whether named to this action or otherwise.

2790032.1                                        2

### FOURTH DEFENSE

7.    Plaintiff's damages, if any, were caused and brought about by an intervening and superseding cause and were not caused by defendant STARBUCKS or by any person for whom defendant STARBUCKS is responsible.

### FIFTH DEFENSE

8.    The damages allegedly sustained by plaintiff were not proximately caused by any negligence or culpable conduct on the part of defendant STARBUCKS.

### SIXTH DEFENSE

9.    Plaintiff assumed the risk of her alleged injuries and on that account defendant STARBUCKS is not liable to plaintiff.

### SEVENTH DEFENSE

10.    As to those damages claimed by plaintiff that have been or will be replaced or indemnified in whole or in part from a collateral source, STARBUCKS claims the benefit of Civil Procedure Law and Rule 4545(c).

WHEREFORE, defendant STARBUCKS demands judgment dismissing the Verified Complaint together with its costs and disbursements, or, in the alternative, that its liability be limited as prayed upon, together with costs, disbursements and fees incurred.

Dated: New York, New York
      May 8, 2007

                  Yours, etc.,

                  WILSON ELSER MOSKOWITZ
                    EDELMAN & DICKER LLP

                  By:                  
                    George N. Tompkins, III
                  150 East 42nd Street
                  New York, New York 10017
                  (212) 490-3000, Ext. 2562
                  Attorneys for Defendant
                  STARBUCKS CORPORATION d/b/a
                  STARBUCKS COFFEE COMPANY

To:     Steven R. Harris, Esq.
        STEVEN R. HARRIS & ASSOCIATES
        110 East 59th Street
        New York, New York 10022
        (212) 593-7600
        Attorneys for Plaintiff
        JENNIFER YANNI

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK    )
                         ) ss.:
COUNTY OF NEW YORK  )

George N. Tompkins, III, an attorney duly admitted to practice law before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am a Partner with the firm of Wilson Elser Moskowitz Edelman & Dicker LLP, attorneys for defendant STARBUCKS CORPORATION d/b/a STARBUCKS COFFEE COMPANY in the within action; I have read the foregoing Verified Answer to the Verified Complaint and know the contents thereof; that the same is true to my own knowledge except as to those matters therein stated to be alleged upon information and belief, and as to those matters, affirmant believes them to be true. The reason this Verification is made by affirmant and not by defendant is that defendant is a foreign corporation with its principal place of business outside the State of New York.

The grounds for affirmant's belief as to all matters not stated upon affirmant's knowledge are as follows: conversations with the defendant and review of various documents related to this matter.

_____
George N. Tompkins, III

Sworn to before me this
8th day of May, 2007

_____
Notary Public

Aviva Sofer
Notary Public State Of New York
No. 02SO6148196
Qualified In New York County
Commission Expires June 24, 2010

2790032.1

5

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF NEW YORK )

Robin Doyle, being duly sworn, deposes and says, deponent is not a party to this action, is over eighteen (18) years of age and resides in Floral Park, New York. That on the 8th day of May 2007, deponent served the within Verified Answer to the Verified Complaint upon:

Steven R. Harris, Esq.
STEVEN R. HARRIS & ASSOCIATES
110 East 59th Street
New York, New York 10022

by depositing a true copy of said enclosed in a postage paid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

Robin Doyle

Sworn to before me this
8th day of May, 2007

Notary Public

Aviva Sofer
Notary Public State Of New York
No. 02SO6148196
Qualified in New York County
Commission Expires June 26, 2010

Index No. 102631/07  George N. Tompkins, III
09194.00059

## SUPREME COURT OF THE STATE OF NEW YORK / COUNTY OF NEW YORK

JENNIFER YANNI

Plaintiff(s),

-against-

STARBUCKS CORPORATION, Individually and d/b/a STARBUCKS COFFEE COMPANY

Defendant(s).

## VERIFIED ANSWER TO VERIFIED COMPLAINT

*Attorneys For*  Defendant

150 East 42nd Street
New York, NY 10017-5639
212.490.3000

Dated,   New York, New York
May 8, 2007

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Attorneys for  Defendant

To All Counsel

Office and Post Office Address
File No. 09194.00059